UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KENNETH PHILLIPS,

                                        Plaintiff,                          **24-CV-5742 (VF)**

                    -against-                                       **OPINION AND ORDER**

GOOGLE LLC and YOUTUBE LLC

                                        Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Plaintiff Kenneth Phillips, proceeding pro se, commenced this action in the Supreme

Court, New York County, on June 18, 2024, against Google LLC and its subsidiary YouTube

LLC (together "Defendants"), alleging one count of breach of contract and one count of

copyright infringement. ECF No. 1-1.[1] On July 30, 2024, Defendants removed the case to this

Court. ECF No. 1. Pending before the Court is Defendants' motion to dismiss the complaint for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. For the

reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## BACKGROUND[2]

Plaintiff is a resident of New York County. ECF No. 1-1 at 3. Google LLC is a Delaware

limited liability company with its principal place of business in California, and YouTube, LLC is

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the ECF-generated pagination in those documents.

[2] In considering Defendants' motion to dismiss, the Court accepts as true all factual allegations in Plaintiff's complaint and opposition papers. See JPMorgan Chase Bank v. Cook, 318 F. Supp. 2d 159, 161 (S.D.N.Y. 2004) ("For purposes of [a] motion to dismiss, the facts in the complaint must be accepted as true."); Connell v. City of N.Y., No. 00-CV-6306 (SAS), 2002 WL 22033, at *4 n.4 (S.D.N.Y. Jan. 8, 2002) (explaining that a court can consider "facts taken

a Delaware limited liability company that is wholly owned by Google. ECF No. 1-1 at 3; ECF No. 1 at 1-2.

Plaintiff signed a "contract" with YouTube on or about January 1, 2018, which YouTube "has not honored." ECF No. 1-1 at 3-4. Plaintiff "wanted [his] music sold so [he] opted in for third-party approvals." Id. at 3. Plaintiff then "watched [his] musical works used [b]y Google and YouTube's Third-Party Tai YouTube," which "played and downloaded 100,000,000 million hits." Id. When he tried to collect royalties from YouTube, YouTube told Plaintiff that he had been "flagged." Id. Eventually, YouTube stopped communicating with Plaintiff. Id. Plaintiff alleges that he has suffered "losses into $ 1 Trillion Dollars." Id. According to the complaint, YouTube has not honored its contract with Plaintiff. Id. at 4.

On June 20, 2024, Plaintiff filed a complaint against Defendants in the Supreme Court, New York County. ECF No. 1-1. Plaintiff did not include causes of action in his complaint. Reading the complaint liberally, it appears to assert a claim for breach of contract and a claim for copyright infringement based on allegations that Plaintiff entered into a contract with YouTube and YouTube "used" Plaintiff's "musical works" and refused to pay him "[r]oyalties" for that use. Id. at 2-4. On July 30, 2024, Defendants removed the suit to this Court.[3] ECF No. 1.

On September 13, 2024, Defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). ECF Nos. 13-15. Plaintiff filed an opposition to Defendants' motion

---

from materials submitted in opposition to a motion to dismiss" by a pro se plaintiff); see also Rodriguez v. Rodriguez, No. 10-CV-891 (LGS), 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("When analyzing the sufficiency of a *pro se* pleading, a court may consider factual allegations contained in a *pro se* litigant's opposition papers and other court filings.").

[3] On September 18, 2024, the parties consented to my jurisdiction. See ECF No. 17.

to dismiss on October 17, 2024. ECF No. 19. On October 29, 2024, Defendants filed a reply

brief. ECF No. 21.

## LEGAL STANDARD

A. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" <u>Green</u>

<u>v. Dep't of Educ. of City of N.Y.</u>, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting <u>Bell Atl. Corp.</u>

<u>v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). In determining if

a claim is sufficiently plausible to withstand dismissal, a court must accept all factual allegations

in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>McCarthy v.</u>

<u>Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007). The court's function on a motion to

dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine

whether the complaint itself is legally sufficient." <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d

Cir. 1985).

B. <u>Pro Se Pleadings</u>

The Court is obliged to construe pro se pleadings liberally, <u>Harris v. Mills</u>, 572 F.3d 66,

72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest." <u>Pabon</u>

<u>v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d

Cir. 1994)); <u>McKithen v. Brown</u>, 481 F.3d 89, 96 (2d. Cir. 2007) (holding that pleadings and

allegations of a pro se plaintiff must be construed liberally in a Rule 12(b)(6) motion). But the

"special solicitude" afforded pro se litigants, <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471,

475 (2d Cir. 2006) (internal quotation marks and citation omitted), has its limits—"a *pro se* complaint must state a plausible claim for relief." Hogan v. Fisher, 738 F.3d 509, 515 (2d Cir. 2013); see also Morren v. New York Univ., No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *12 (S.D.N.Y. Apr. 29, 2022) ("[T]he Court may not invent factual allegations that a plaintiff has not pled.") (internal quotation marks and citation omitted). The "factual allegations [must be] sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and citation omitted). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Because issues of fact, credibility, and the weight of the evidence are not properly considered on a motion to dismiss, the Court has not considered them here. See Morren, 2022 WL 1666918, at *12.

## ARGUMENT

### A. Breach of Contract

In his complaint, Plaintiff states that "YouTube has not honored the contract" that Plaintiff signed on or about January 1, 2018. ECF No. 1-1 at 3-4. Defendants maintain that Plaintiff fails to state a claim for breach of contract because he has not plausibly alleged the existence of a contract or that Defendants breached one.[4] ECF No. 14 at 8.

---

[4] Defendants also argue that Plaintiff's relationship with YouTube is governed by YouTube's Terms of Service and thus the Terms of Service is a document that is "integral" to Plaintiff's claims and can be considered on a motion to dismiss. ECF No. 14 at 5-6, n.2. While courts generally do not look beyond "facts stated on the face of the complaint," and documents "incorporated in the complaint by reference" when deciding a motion to dismiss, the Second Circuit has recognized an exception where "a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). In the instances where this exception applies, the document is "a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls,"

4

To state a claim for breach of contract, Plaintiff must plead "(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011). "[A] plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." Shtofmakher v. David, No. 14-CV-6934 (AT), 2015 WL 5148832, at *8 (S.D.N.Y. Aug. 17, 2015) (citation omitted). "Although it is not necessary for each element to be pleaded individually, a claim that fails 'to allege facts sufficient to show that an enforceable contract existed' between the parties is subject to dismissal." Berman v. Sugo L.L.C., 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (citation omitted). Accordingly, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." Id.

Plaintiff's complaint contains a single sentence that "YouTube has not honored the contract." ECF No. 1-1 at 4. There are no factual allegations to support Plaintiff's conclusory assertion that a contract existed and that it was breached by Defendants. For example, beyond stating that he signed a contract with YouTube on January 1, 2018, Plaintiff does not indicate what the contract concerned. See Berman, 580 F. Supp. 2d at 202-03 (dismissing breach-of-contract counterclaim because counterclaim plaintiff did not "set forth a single fact relating to the formation of the contract"). Plaintiff does not identify any of the alleged agreement's terms. See Childers v. N.Y. and Presbyterian Hosp., 36 F. Supp. 3d 292, 312-13 (S.D.N.Y. 2014) (dismissing breach-of-contract claim because plaintiff did not allege in nonconclusory language

---

but which the plaintiff did not attach to the complaint. Id. The allegations in the complaint are bare bones and it is thus not clear whether the contract referenced by Plaintiff in the complaint is YouTube's Terms of Service or some other agreement. For this reason, the Court has not relied on the Terms of Service in deciding Defendants' motion.

the essential terms of the purported contract, including those terms upon which liability was predicated). Plaintiff also does not explain what his or Defendants' obligations were under the alleged contract. See Assure Glob., LLC v. Anderson, 763 F. Supp. 3d 476, 484 (S.D.N.Y. 2025) (explaining that to survive a motion to dismiss, a plaintiff must plead "the pertinent terms of the purported agreement").

Further, Plaintiff does not explain whether he performed his obligations under the contract. See Vinci Brands LLC v. Coach Servs., Inc., No. 23-CV-5138 (LGS), 2023 WL 5950690, at *11 (S.D.N.Y. Sept. 13, 2023) (explaining that "a plaintiff asserting breach of contract mu[st] show that it adequately performed under the contract"). And Plaintiff also fails to explain how Defendants allegedly breached the contract. See Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc., 497 F. Supp. 2d 541, 554 (S.D.N.Y. 2007) (An "essential requirement" to state a claim for breach of contract is alleging a "specific provision" that was breached.).

In his opposition to Defendants' motion, Plaintiff states that his YouTube channel was under the "YouTube Partner Provision of the common contract." ECF No. 19 at 2. But Plaintiff does not provide a copy of this contract or provide any information about the agreement or its terms. Plaintiff adds that he "did opt-in for third-Party Program in 2017 to have [his] music sold," which allegedly involved a "Youtube Partner called 'Taiyoutube.viwap.'" Id. But, here too, Plaintiff provides no factual details concerning this alleged agreement or how Defendants breached its terms.

"A breach of contract claim will be dismissed . . . as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." Negrete v. Citibank, N.A., 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016), aff'd, 759 F.

App'x 42 (2d Cir. 2019) (internal quotations omitted). Further, courts in this Circuit "have found that a breach-of-contract complaint that does not identify the terms of the contract breached by the defendant, or the acts of the defendant constituting a breach, fails to state a claim for relief." Merch. Cash & Cap. LLC v. Edgewood Grp., LLC, No. 14-CV-03497 (JGK) (DF), 2015 WL 4430643, at *10 (S.D.N.Y. July 2, 2015), adopted by, 2015 WL 4451057 (S.D.N.Y. July 20, 2015); see also Fitzgerald v. Chase Home Fin., LLC, No. 10-CV-4148 (CS), 2011 WL 9195046, at *6 (S.D.N.Y. Feb. 28, 2011) ("Plaintiffs fail to state a claim for breach of contract because [p]laintiffs do not identify any terms of the mortgage agreement breached by [d]efendants"); McCabe v. CVS Health Corp., No. 22-CV-3116 (RPK) (RML), 2023 WL 6385729, at *5 (E.D.N.Y. Sept. 29, 2023) (holding that plaintiff failed to state claim for breach of contract where he conclusory argued defendant "engaged in breach of contract under the common law of the 50 State and the District of Columbia" without including any facts referring to a contract); Navana Logistics Ltd. v. TW Logistics, LLC, No. 15-CV-856 (PKC), 2016 WL 796855, at *5 (S.D.N.Y. Feb. 23, 2016) (dismissing claim where plaintiff never identified an actual contract that defendants breached and thus failed to "plausibly allege in any non-conclusory manner the existence of any contract between itself and any of the defendants"). Although pleading requirements are construed liberally for pro se litigants, "[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded." Wolff v. Rare Medium, Inc., 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001).

Even viewed liberally, Plaintiff has failed to allege any element of a breach-of-contract claim. However, "a *pro se* litigant should generally be granted leave to amend his complaint" once. Youngblood v. City of N.Y., No. 15-CV-3541 (RA), 2017 WL 3176002, at *6 (S.D.N.Y.

July 24, 2017). "After that, leave to amend may be denied, in the court's discretion, 'if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim.'" Graham v. Macy's, Inc., No. 14-CV-3192 (PAE), 2016 WL 354897, at *10 (S.D.N.Y. Jan. 28, 2016) (quoting Panther Partners Inc. v. Ikanos Commc'ns, Inc., 347 F. App'x 617, 622 (2d Cir. 2009) (summary order)).

Plaintiff has not had the opportunity to amend his complaint with the benefit of a court decision explaining the deficiencies in his allegations. See Hannan v. City of N.Y., No. 18-CV-09878 (PGG) (DF), 2020 WL 3892498, at *3 (S.D.N.Y. July 10, 2020) (stating that "a *pro se* litigant should be afforded a chance to remedy a defective pleading after the Court has explained the nature of the defects in a decision on a motion to dismiss"). As such, Plaintiff's breach-of-contract claim is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint that includes factual allegations, to the extent they exist, in accordance with this opinion.

B. Copyright Infringement

Although Plaintiff does not explicitly state that he is asserting a claim for copyright infringement, he does allege that his "musical works" were used by Defendants and he was not paid "royalties" for that use. ECF No. 1-1 at 3. The Court thus construes Plaintiff to be asserting a copyright-infringement claim against Defendants for their alleged use of Plaintiff's music without paying royalties. As explained below, this claim also fails.

To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. Inc., 499 U.S. 340, 361 (1991). Here, the complaint fails to plead the first element of a copyright-infringement claim. Under the Copyright Act, "no civil

action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); see Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 302 (2019) (explaining that Section 411(a) "bars a copyright owner from suing for infringement until 'registration . . . has been made'"). "Although registration is not a requirement of holding a valid copyright, an action for copyright infringement may not be brought until a copyright has been registered." Silver v. Lavandeira, No. 08-CV-6522 (JSR) (DF), 2009 WL 513031, at *3 (S.D.N.Y. Feb. 26, 2009) (citing 17 U.S.C. § 411(a)); see also Herrick v. Grindr, LLC, 306 F. Supp. 3d 579, 600 (S.D.N.Y. 2018), aff'd, 765 F. App'x 586 (2d Cir. 2019) (noting that "[t]here is an overwhelming consensus in the Southern District of New York that under the registration approach, a pending application for copyright registration cannot sustain a claim for infringement prior to its approval or rejection by the Copyright Office) (internal quotation marks omitted).

The complaint contains no allegations concerning Plaintiff's ownership of a valid copyright. Plaintiff does not allege that he registered with the Copyright Office any of the musical works he claims to own. Plaintiff has thus failed to plead the first element of a copyright-infringement claim. See Thomas v. Carter, 581 F. Supp. 3d 651, 655-56 (S.D.N.Y. 2022) (dismissing pro se plaintiff's claim where he failed to allege ownership of a valid copyright); Young v. Mintz, No. 21-CV-4351 (LTS), 2021 WL 2444650, at *2 (S.D.N.Y. June 15, 2021) (concluding that pro se plaintiff failed to state copyright claim where he did not allege that he owned a valid copyright). To cure this deficiency, Plaintiff must specifically allege that he is the creator of the musical works at issue, he has registered the copyrights with the U.S. Copyright Office, and the Office approved or rejected the application as required by 17 U.S.C.

§ 411(a). <u>See</u> <u>Silver</u>, 2009 WL 513031, at *3 (discussing the requirements to properly plead ownership of a valid copyright).

Additionally, the complaint fails to plead the second element of a copyright-infringement claim. To satisfy this element, Plaintiff must allege specific acts of infringement by Defendants that demonstrate unauthorized use of his copyrighted works. <u>See</u> <u>Scroggins v. Scroggins</u>, No. 15-CV-9524 (PAE), 2017 WL 1047356, at *9 (S.D.N.Y. Mar. 16, 2017) (dismissing claim where plaintiff alleged defendant infringed her copyrighted songs but did not allege "particular infringing acts" by defendant) (internal quotation marks omitted). If Defendants used Plaintiff's musical works without permission, Plaintiff must allege specific unauthorized acts by Defendants, such as reproduction, distribution, or public performance of his musical works. <u>See</u> <u>Brought to Life Music, Inc. v. MCA Recs., Inc.</u>, No. 02-CV-1164 (RWS), 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003) (dismissing complaint for failure to allege any violation of rights under 17 U.S.C. § 106 such as reproduction of the copyrighted work, distributing copies of the work, performing the work publicly, or preparing derivative works based on the copyrighted work); <u>Brunswick Recs. Corp. v. Lastrada Ent. Co.</u>, No. 23-CV-100 (LAK) (GWG), 2023 WL 8703705, at *3 (S.D.N.Y. Dec. 15, 2023) (dismissing claim where "nowhere in the complaint did plaintiffs allege that defendants engaged in any 'copying' of plaintiffs' works").

If, however, Defendants had a license to use Plaintiff's musical works but failed to pay agreed-upon royalties, then Plaintiff's claim is one for breach of contract, not copyright infringement. <u>See</u> <u>Spinelli v. Nat'l Football League</u>, 96 F. Supp. 3d 81, 125 (S.D.N.Y. 2015) (noting that if "use of a copyrighted work is authorized by a license, any claim for unpaid royalties for that use cannot form the basis of an infringement claim"); <u>Graham v. James</u>, 144 F.3d 229, 236-37 (2d Cir. 1998) (finding that "the payment of royalties" gives rise to a breach-

of-contract claim, but not copyright infringement); <u>Baker v. Weber</u>, No. 19-CV-1093 (JPC), 2021 WL 4480998, at *6 (S.D.N.Y. Sept. 30, 2021) (noting that if the "defendant shows that he or she had a license to use a work, the failure to pay the copyright owner does not yield a copyright claim").

Here, Plaintiff alleges only that Defendants failed to pay "royalties" for his musical works. ECF No. 1-1 at 3. Although this allegation suggests a licensing relationship where Defendants had permission to use the musical works, if Plaintiff elects to amend his complaint, he should include factual allegations to make this clear. If, in fact, Plaintiff claims that Defendants licensed his musical works but did not pay royalties, then Plaintiff's claim is one for breach of contract, and not copyright infringement. However, if Plaintiff is claiming that Defendants' use of his musical works was unauthorized, then the amended complaint should include factual allegations describing the specific acts that Defendants engaged in involving Plaintiff's musical works, to support a claim for copyright infringement.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. Plaintiff is

granted leave to file an amended complaint in conformance with this opinion and order.

**SO ORDERED.**

DATED:    New York, New York
          June 30, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge